**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-465-1180
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective*
*Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HAILLE RODGERS<br>*on behalf of herself, FLSA Collective Plaintiffs,*<br>*and the Class,*<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>ISLAND CZ CAFE, LLC,<br>　d/b/a ISLAND CZ CAFÉ,<br>ISLAND SEAS LOUNGE, LLC,<br>　d/b/a ISLAND CZ LOUNGE, and<br>PATRICK CLARKE,<br><br>　　　　　　　　Defendants. | Case No.:<br><br>**CLASS AND COLLECTIVE**<br>**ACTION COMPLAINT**<br><br>Jury Trial Demanded |

Plaintiff, HAILLE RODGERS (hereinafter, "Plaintiff"), on behalf of herself and others similarly situated, by and through her undersigned attorneys, hereby files this class and collective action Complaint against ISLAND CZ CAFÉ, LLC, d/b/a ISLAND CZ CAFÉ, ISLAND SEAS LOUNGE, LLC, d/b/a ISLAND CZ LOUNGE (collectively, "Corporate Defendants") and PATRICK CLARKE ("Individual Defendant") (each individually, "Defendant" or, collectively, "Defendants"), and states as follows:

**INTRODUCTION**

1.      Plaintiff alleges, pursuant to the Fair Labor Standards Act as amended, 29 U.S.C. §§201 et. seq. ("FLSA"), that she, FLSA Collective Plaintiffs and similarly situated individuals are entitled to recover from Defendants: (1) unpaid wages for training; (2) unpaid wages due to time-shaving; (3) unpaid wages due to invalid tip credit; (4) unpaid tip compensation due to an invalid tip pooling policy; (5) unlawfully retained gratuities; (6) liquidated damages; and (6) attorney's fees and costs.

2.      Plaintiff further alleges that, pursuant to New York Labor Law ("NYLL"), she and others similarly situated are entitled to recover from Defendants: (1) unpaid wages for training; (2) unpaid wages due to time-shaving; (3) unpaid minimum wage due to invalid tip credit; (4) unpaid tip compensation due to an invalid tip pooling policy; (5) unlawfully retained gratuities;  (6) statutory penalties; (7) liquidated damages; and (8) attorney's fees and costs.

3.      Plaintiff further alleges that Defendants discriminated her on the basis of her disability in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. §§ 12101 et seq. ("ADA"), New York State Human Rights Law, New York Executive Law § 296 ("NYHRL") and New York City Human Rights Law, Administrative Code of the City of New York § 8-107 ("NYCHRL"), and brings this action as she is entitled to recover from Defendants: (1) back pay; (2) front pay; (3) compensatory damages; (4) punitive damages; and (5) attorney's fees and costs.

4.      Plaintiff additionally alleges for damages under the Internal Revenue Code, 26 U.S.C. § 7434 for relief, damages, fees, and costs in this matter because Defendants willfully filed fraudulent tax information forms with the Internal Revenue Service ("IRS").

5.      The IRS will be notified of this Complaint as the Internal Revenue Code requires. Specifically, the Internal Revenue Code provides that "[a]ny person bringing an action under [26 U.S.C. § 7434] Subsection (a) shall provide a copy of the complaint to the IRS upon the filing of such complaint with the court." 26 U.S.C. § 7434(d).

6.      Accordingly, Plaintiff seeks to put an end to civil rights violations committed by Defendants against disabled employees pursuant to the American with Disabilities Act ("ADA"), 42 U.S.C.S. § 12102, § 12112, § 12182(a), and § 12181(b)(2)(D)(I).

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

8.      Venue is proper in the Eastern District pursuant to 28 U.S.C. §1391.

## PARTIES

9.      Plaintiff, HAILLE RODGERS, is a resident of Queens County, New York.

10.     Defendants collectively own and operate two (2) Caribbean restaurants under the common trade name "Island CZ" at the following locations:

a)  743 Franklin Ave, Brooklyn, NY 11238 (Island CZ Café) and

b)  1440 Utica Ave, Brooklyn, NY 11203 (Island CZ Lounge) (and collectively, the "Restaurants")

11.     The Restaurants are operated as a single, integrated enterprise under the common control of the Corporate and Individual Defendant. Specifically, the Restaurants are engaged in related activities, share common ownership, and have a common business purpose.

a) All Restaurants are under the control of Corporate and Individual Defendants. Specifically, Individual Defendant PATRICK CLARKE owns and operates the totality of the Restaurants.

b) The Restaurant establishments serve similar goods, have the same suppliers and all share similar décor, ambience, menu options, and appearance.

12.    Defendants operate the Restaurants through the following Corporate Defendants:

a) Corporate Defendant ISLAND CZ CAFÉ, LLC, d/b/a ISLAND CZ CAFÉ, is a domestic business corporation organized under the laws of New York, with an address for service of process located at 187 Wolf Road, Suite 101, Albany, NY 12205 and a principal place of business located at 743 Franklin Ave, Brooklyn, NY 11238.

b) Corporate Defendant, ISLAND SEAS LOUNGE, LLC, d/b/a ISLAND CZ LOUNGE, is a domestic business corporation organized under the laws of New York, with a principal place of business and an address for service of process located at 1440 Utica Ave, Brooklyn, NY 11203.

13.    Individual Defendant PATRICK CLARKE is the principal and executive officer of all Corporate Defendant entities. PATRICK CLARKE exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs, and the Class. PATRICK CLARKE frequently visits the Restaurants. PATRICK CLARKE exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs and the Class. At all times, employees of the Restaurants could complain to PATRICK CLARKE directly

regarding any of the terms of their employment, and PATRICK CLARKE would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. PATRICK CLARKE exercised functional control over the business and financial operations of Corporate Defendants. PATRICK CLARKE had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs, and Class members, and could reprimand employees.

14.    At all relevant times, Corporate Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of FLSA.

15.    At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs, and Class members was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

16.    Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt front-of-house and back-of-house employees (including delivery persons, bartenders, servers, runners, bussers, cashiers, porters, cooks, line-cooks, food preparers, and dishwashers) employed by Defendants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein (herein, "FLSA Collective Plaintiffs").

17.    At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them their proper wages for all hours worked due to Defendants' policy of not paying wages for training and time-shaving. The claims of Plaintiff stated herein are essentially the same as those of

the other FLSA Collective Plaintiffs. A subclass of tipped employees has a claim for: (i) unpaid wages due to invalid tip credit; (ii) unpaid tip compensation due to an invalid tip pooling policy; (iii) unlawfully retained gratuities; (iv) liquidated damages; and (v) attorney's fees and costs. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

18.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of FLSA, 29 U.S.C. 216(b). FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

19.     Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt front-of-house and back-of-house employees (including delivery persons, bartenders, servers, runners, bussers, cashiers, porters, cooks, line-cooks, food preparers, and dishwashers) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

20.     All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are able to be determined from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determined from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

21.     The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class. The Class further includes a subclass of tipped employees ("Tipped Subclass") who also number more than forty (40). Plaintiff is a member of the Tipped Subclass.

22.     Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants of: (i) failing to pay wages for training; (ii) failing to pay wages due to time-shaving; (iii) failing to provide proper wage statements per requirements of NYLL; and (iv) failing to properly provide wage notices to Class members, at the date of hiring and annually, per requirements of NYLL. All the Class members were also subject to the same corporate practices of Defendants, namely, filing fraudulent tax information regarding their employment to the IRS.

23.     With regard to the Tipped Subclass, Defendants also failed to pay the proper minimum wage because Defendants were not entitled to claim any tip credit because they failed to meet statutory requirements under NYLL. Plaintiff and the Tipped Subclass similarly suffered from Defendants' failure to pay the proper minimum wage due to Defendants' invalid tip credit allowance, because Defendants (i) failed to properly provide tip credit notice at hiring and annually thereafter; (ii) claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties for hours exceeding twenty percent (20%) of the total hours worked during a given shift each workweek; (iii) implemented an invalid tip pooling scheme; (iv) illegally retained tips; (v) failed to provide proper wage statements clearly indicating tip credit allowance

for each payment period; and (vi) failed to accurately keep track of daily tips earned and maintain records thereof. All the Tipped Subclass members were also subject to the same corporate practices of Defendants, namely, unpaid tip compensation due to improper tip pooling policies and unlawfully retained gratuities.

24.    Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

25.    Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented Plaintiffs in wage and hour cases.

26.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because of losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result

in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

27.    Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

28.    There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

     a.    Whether Defendants employed Plaintiff and the Class within the meaning of New York law and applicable state laws;

     b.    What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiff and Class members properly;

     c.    At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and Class members for their work;

d.  Whether Defendants properly notified Plaintiff and Class members of their hourly rates;

e.  Whether Defendants properly compensated Plaintiff and Class members for all hours worked;

f.  Whether Defendants operated their business with a policy of failing to pay Plaintiff, FLSA Collective Plaintiffs, and Class members for all hours worked;

g.  Whether Defendants accurately kept records of all hours worked by Plaintiff and Class members;

h.  Whether Defendants properly compensated Plaintiff and Class members for any training hours;

i.  Whether Defendants provided proper wage statements informing employees of information required to be provided on wage statements as required under NYLL and applicable state laws;

j.  Whether Defendants provided proper wage and hour notices to employees at the date of hiring and annually thereafter, per requirements of the NYLL and applicable state laws;

k.  Whether Defendants failed to withhold taxes from the wages of Plaintiff and the Class;

l.  Whether Defendants properly provided notice to all tipped employees that Defendants were taking a tip credit;

m.  Whether Defendants accurately tracked the amounts of tips earned each day and maintained records thereof;

n.  Whether Defendants caused tipped employees to engage in non-tipped duties exceeding 20% or two hours of their work shift;

o.  Whether Defendants established an invalid tip pooling arrangement by instituting an invalid tip pooling scheme to which Plaintiff and the tipped Subclass did not agree;

p.  Whether Defendants retained any portion of the gratuities for their tipped employees;

q.  Whether Defendants provided proper wage statements informing: (i) tipped employees of the amount of tip credit allowance for each payment period; and (ii) all non-exempt employees of information required to be provided on wage statements as required under NYLL and applicable state laws; and

r.  Whether Defendants provided proper wage and hour notice to employees, including, among others, the rate of compensation, trade name of employer, pursuant to the requirements of NYLL and applicable state laws.

## STATEMENT OF FACTS

29.     On or around August 27, 2020, Plaintiff HAILLE RODGERS was hired by Defendants to work as a bartender for Defendants' ISLAND CZ CAFÉ restaurant, located at 743 Franklin Ave, Brooklyn, NY 11238. Plaintiff was employed by Defendants until on or around October 18, 2020.

30.     During her employment, Plaintiff was scheduled to work four (4) days per week from 3:00 p.m. to 12:00 p.m. for a total of thirty-six (36) hours per week. Regardless that Plaintiff had a fixed schedule, Defendants required her to arrive thirty (30) minutes before her shift twice per week. Thus, Plaintiff was working for a total of thirty-seven (37) hours per week.

31.     At all times that Plaintiff was required to perform work out of her schedule, she was never compensated for performing those tasks. Similarly, FLSA Collective Plaintiffs and Class members performed work without proper compensation.

32.     At the beginning of her employment with Defendants, Plaintiff was put on training for three (3) days, eight (8) hours per day for a total or twenty-four (24) hours. Defendants never compensated Plaintiff for these training hours. Similarly, FLSA Collective Plaintiffs and Class members were never compensated for their training hours.

33.     At all relevant times, Plaintiff was compensated at a tipped credit minimum wage, or specifically, at rate of ten dollars ($10.00) per hour. Similarly, a subclass of FLSA Collective Plaintiffs, and the Tipped Subclass members were compensated on a tip credit basis.

34.     Plaintiff, a subclass of FLSA Collective Plaintiffs, and Tipped Subclass members were paid below the minimum wage at an invalid tipped credit minimum wage. Defendants were not entitled to claim any tip credit allowance under FLSA or NYLL because Defendants: (i) failed to properly provide tip credit notice at hiring and annually thereafter; (ii) failed to inform them that the tip credit claimed by Defendants cannot exceed the amount of tips actually received by them; (iii) failed to inform them that all tips received by them are to be retained by them except pursuant to a valid tip pooling arrangement; (iv) failed to inform them that tip credit will not apply unless they have been informed of the foregoing tip credit notice requirement; (v) claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties in excess of two (2) hours or twenty percent (20%) of the total hours worked each shift; (vi) failed to accurately track daily tips earned or maintain records thereof; (vii) failed to implement a proper tip pool that tipped employees agreed to; (viii) illegally retained tips; (ix) failed to provide proper

wage statements clearly indicating tip credit allowance for each payment period in violation of the NYLL.

35.     Plaintiff was required to engage more than twenty percent (20%) of her working time performing non-tipped related activities, such as setting up tables, cleaning the restaurant, sweeping and mopping, packing up delivery orders, answering phone calls, and taking orders over the phone. Even though Defendants required Plaintiff, a subclass of the FLSA Collective Plaintiffs, and Tipped Subclass employees to engage in non-tipped activities in excess of two (2) hours or twenty percent (20%) of the total hours worked each shift, Defendants improperly claimed tip credit for all hours worked by tipped employees.

36.     Moreover, Defendants had implemented unlawful tip-pooling and tip retention policies. Bartenders kept individual cash tips, while credit card tips were pooled and distributed among other employees. From that pooling, the Manager Stanley [LAST NAME UNKNOWN] kept 20% of the tips. When Plaintiff inquired about this retention, Manager Stanley LNU said that this was to be distributed between the kitchen staff. When Plaintiff inquired of the kitchen staff, they said they had never received such tips. Defendants were not distributing tips properly. Plaintiff believes that managers and chefs participated in the tip-pooling. Defendants failed to inform Plaintiff, a subclass of FLSA Collective Plaintiffs, and Tipped Subclass members that all tips received by them are to be retained by them, except pursuant to a valid tip pooling arrangement in violation of FLSA, which they failed to implement.

37.     During her employment, Plaintiff never received a notice regarding Defendants' tip pooling practices. Similarly, a subclass of the FLSA Collective Plaintiffs and Tipped Subclass members never received notices regarding Defendants' tip policies.

38.     During her employment, Plaintiff never received a wage notice informing her that Defendants were taking a tip credit, in violation of the NYLL. Similarly, a subclass of the FLSA Collective Plaintiffs and Tipped Subclass members never received any notice as to the amount of tip credit allowance taken for each payment period during their employment. They were also never informed in writing as to their hourly rate of pay and overtime rate of pay. Therefore, any purported tip credit taken by Defendants with respect to Plaintiff and/or tipped employees is invalid.

39.     At all times, Plaintiff was compensated on a weekly basis without receiving a paystub, indicating the tip credit allowance deducted, in violation of the NYLL. Similarly, a subclass of FLSA Collective Plaintiffs and the Tipped subclass members never received proper wage statements that did not comply with the NYLL.

40.     At all times, Plaintiff, FLSA Collective Plaintiffs, or Class members were provided with proper wage notices, at the beginning of employment and annually thereafter as required by NYLL.

41.     At all times, Plaintiff, FLSA Collective Plaintiffs, and Class members were compensated on a weekly basis without receiving a paystub or any other form of wage statements. Furthermore, Plaintiff would receive her weekly payments in cash, via CashApp, or with checks. At no time during the relevant periods did Defendants provide Plaintiff, FLSA Collective Plaintiffs, and Class members with proper wage statements as required by NYLL,

42.     At all times, Plaintiff, FLSA Collective Plaintiffs, and Class members were compensated on a weekly basis in cash, via CashApp, or with checks. As a result, Defendants failed to withhold any of Plaintiff's, FLSA Collective Plaintiffs', and Class members' wages for tax purposes.

43.     Defendants further failed to provide Plaintiff, FLSA Collective Plaintiff, and class members with accurate W-2 tax statements for each tax year during which they worked.

44.     Defendants knew or should have known that they had a legal duty to withhold taxes from all of Plaintiff's, FLSA Collective Plaintiffs', and Class members' earnings and to provide them with accurate W-2 tax statements for each tax year during which Plaintiff, FLSA Collective Plaintiffs, and Class members worked.

45.     Defendants had a legal obligation to file accurate tax statements with the IRS.

46.     Defendants' actions were willful and showed reckless disregard for the provisions of the Internal Revenue Code.

47.     Defendants knowingly and willfully operated their business with a policy of not paying for all hours worked to Plaintiff, FLSA Collective Plaintiffs and Class members, in violation of FLSA and NYLL.

48.     Defendants knowingly and willfully operated their business with a policy of improperly deducting a tip credit from the wages of Plaintiff, a subclass of FLSA Collective Plaintiffs, and Tipped Subclass members.

49.     Defendants knowingly and willfully operated their business with a policy of illegally retaining tips from Plaintiff, a subclass of FLSA Collective Plaintiffs, and Tipped Subclass members.

50.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage notices, at the beginning of employment and annually thereafter, pursuant to the requirements of NYLL.

51.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required by NYLL.

52.     Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members in this litigation and has agreed to pay the firm a reasonable fee for its services.

*Discrimination Claims - Individual*

53.     In addition to the wage and hour violations, Plaintiff suffered from Defendants discriminatory practices.

54.     Plaintiff suffers from a herniated disc, and as such, cannot carry heavy objects and sometimes requires the use of a cane.

55.     At hiring, Plaintiff made Defendants aware of her disability. Defendants knowingly hired Plaintiff and seemingly presented no issue with Plaintiff's disabilities.

56.     Throughout her employment, Plaintiff requested accommodations for her disability. Plaintiff would be asked to lift heavy objects despite her requests for accommodation. Defendants refused to provide any accommodations to Plaintiff's disability.

57.     On October 18, 2020, Plaintiff went to work using a cane to facilitate her walking, as part of her herniated disc treatment. Defendants fired Plaintiff immediately because Defendants disliked that an employee had to use a cane, for which they had prior knowledge. Defendants both discriminated against Plaintiff for firing her and also violated the ADA for failing to accommodate her disability and failed to discuss with Plaintiff how Defendants can accommodate her needs.

58.     Defendants violated Federal and New York State anti-discrimination laws when they denied Plaintiff the use of her cane and terminated her employment. Plaintiff made her disability and condition known, and Defendants were clearly aware. Plaintiff had previously requested for accommodations and was provided such. To terminate Plaintiff (and deny her the

use of a cane) is a blatant practice of discrimination, and a willful act of discrimination, given Defendants' previous willingness to acknowledge her disability.

59.     Because of this discriminatory practice, Plaintiff suffered physical discomfort and emotional distress, including humiliation.

## STATEMENT OF CLAIM

### COUNT I
### VIOLATION OF THE FAIR LABOR STANDARDS ACT

60.     Plaintiff realleges and incorporates all the above allegations of this Class and Collective Action Complaint as fully set forth herein.

61.     At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a).

62.     At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of FLSA.

63.     At all relevant times, Corporate Defendants had gross annual revenues in excess of $500,000.

64.     At all relevant times, Defendants had a policy and practice that failed to pay proper compensation for all hours worked due to time shaving.

65.     At all relevant times, Defendants had a policy and practice that failed to pay proper compensation at the statutory rate of minimum wages set by relevant state regulations due to invalid tip credit to Plaintiff and a subclass of FLSA Collective Plaintiffs.

66.     At all relevant times, Defendants had a policy and practice of unlawfully retaining Plaintiff and a subclass of FLSA Collective Plaintiffs' gratuities.

67.    At all relevant times, Defendants had a policy and practice of improperly retaining tips from Plaintiffs and a subclass of FLSA Collective Plaintiffs' wages.

68.    Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

69.    Defendants knew of and/or showed a willful disregard for the provisions of FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs their proper wages, when Defendants knew or should have known such was due.

70.    Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under FLSA.

71.    As a direct and proximate result of Defendants' willful disregard of FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to FLSA.

72.    Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages due to invalid tip credit, tip retentions, and deductions, plus an equal amount as liquidated damages.

73.    Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II
## VIOLATION OF THE NEW YORK LABOR LAW

74.    Plaintiff realleges and incorporates all the above allegations of this Class and Collective Action Complaint as fully set forth herein.

75.     At all relevant times, Plaintiff and Class members were employed by Defendants within the meaning of NYLL, §§ 2 and 651.

76.     At all relevant times, Defendants engaged in a policy and practice of refusing to pay Plaintiff and Class members the proper compensation for all hours worked due to time-shaving.

77.     At all relevant times, Defendants engaged in a policy and practice of refusing to pay Plaintiff and Tipped Subclass members the statutory minimum wage due to invalid tip credit.

78.     Defendants willfully violated the rights of Plaintiff and Tipped Subclass members by retaining gratuities, in direct violation of NYLL.

79.     Defendants failed to properly notify employees of their tips and tip pooling policies, in direct violation of NYLL.

80.     Defendants knowingly and willfully operated their business with a policy of not providing Plaintiff and Class members proper wage notice, at date of hiring and annually thereafter, as required under NYLL.

81.     Defendants knowingly and willfully operated their business with a policy of not providing wage statements, as required under NYLL.

82.     Defendants knowingly and willfully operated their business with a policy of not providing Plaintiff and tipped Subclass members proper tip notices, at date of hiring and annually thereafter, as required under NYLL.

83.     Due to Defendants' NYLL violations, Plaintiff and Class members are entitled to recover from Defendants unpaid wages due to time-shaving, unpaid wages due to tip credit, tip compensation due to invalid tip pooling, unlawful retained gratuities, damages for unreasonably delayed payments, reasonable attorney's fees, liquidated damages, statutory penalties, and costs

and disbursements of the action, pursuant to NYLL.

**COUNT III**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT ("ADA")**

84.     Plaintiff realleges and incorporates all the above allegations of this Complaint as fully set forth herein.

85.     At all relevant times, Plaintiff was an "employee" within the meaning of the ADA. Similarly, Defendants were an "employer" within the meaning of the ADA.

86.     Defendants discriminated against Plaintiff on the basis of her disability by terminating her employment because she required and requested the usage of her cane as an accommodation.

87.     As a direct and proximate result of Defendants' discriminatory and retaliatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer physical and emotional distress. Furthermore, given Defendants' prior knowledge and willingness to accommodate Plaintiff's disability, Defendants' actions clearly constitute an intentional, malicious, and willful violation of the ADA. As such, Plaintiff is entitled to an award of: (1) compensatory damages; (2) punitive damages; and (3) attorneys' fees and costs.

**COUNT IV**
**VIOLATION OF THE NEW YORK STATE HUMAN RIGHTS LAW ("NYSHRL")**

88.     Plaintiff realleges and incorporates all the above allegations of this Complaint as fully set forth herein.

89.     The New York State Human Rights Law ("NYSHRL") prohibits discrimination in the terms, conditions, and privileges of employment, and the retaliation thereof, on the basis of disabilities.

90.     Plaintiff was an employee and qualified person within the meaning of NYSHRL

and Defendants are covered employers under NYSHRL.

91.     Defendants operated a business in violation of NYSHRL by discriminating against Plaintiff in violation of Section 296(1)(a) with respect to the terms, conditions, and privileges of her employment because of her disability.

92.     Defendants' conduct was intentional, malicious, and in reckless disregard of Plaintiff's protected rights under Section 296 of NYSHRL.

93.     As a result of Defendants' unlawful discriminatory practices, Plaintiff sustained injury, including economic damages and past and future physical and emotional distress.

94.     Due to Defendants' violations under NYSHRL, based on discrimination, Plaintiff is entitled to recover from Defendants: (1) back pay; (2) front pay; (3) compensatory damages; (4) punitive damages; and (5) attorneys' fees and costs.

**COUNT V**
**VIOLATION OF THE NEW YORK CITY HUMAN RIGHTS LAW, ADMINISTRATIVE CODE OF THE CITY OF NEW YORK § 8-107 ("NYCHRL")**

95.     Plaintiff realleges and incorporates all the above allegations of this Complaint as fully set forth herein.

96.     At all relevant times, Plaintiff was an employee within the meaning of NYCHRL and Defendants are covered employers under NYCHRL

97.     Defendants operated a business that discriminated against Plaintiff in violation of NYCHRL by discriminating against Plaintiff with respect to the terms, conditions, and privileges of her employment because of her disability.

98.     Defendants' conduct was intentional, malicious, and in reckless disregard of Plaintiff's protected rights under NYCHRL.

99.     As a result of Defendants' unlawful discriminatory practices, Plaintiff sustained

injury, including economic damages and past and future physical and emotional distress.

100.    Due to Defendants' violations under NYCHRL, based on discrimination on the basis of her disability, Plaintiff is entitled to recover from Defendants: (1) back pay; (2) front pay; (3) compensatory damages; (4) punitive damages; and (5) attorneys' fees and costs.

101.    Plaintiff seeks judgment in an amount to be determined at trial for these damages as well as an award of punitive damages, interest, attorneys' fees, and costs, as provided for under NYCHRL.

## COUNT VI
## CIVIL DAMAGES FOR FRAUDULENT FILING OF INFORMATION RETURNS UNDER 26 U.S.C. § 7434(a)

102.    Plaintiff realleges and incorporates all the above allegations of this Class and Collective Action Complaint as fully set forth herein.

103.    By failing to provide Plaintiff, FLSA Collective Plaintiffs, and Class members with accurate IRS Forms W-2 for all of the tax years during which they were employed by Defendants, and failing to properly record, account for, and report to the IRS all monies paid to Plaintiff, FLSA Collective Plaintiffs, and Class members as compensation for all of the work Plaintiff, FLSA Collective Plaintiffs, and Class members performed during the course of their employment with Defendants, and failing to withhold amounts listed on W-2 forms as monies withheld, Defendants filed fraudulent information returns with the IRS, in violation of 26 U.S.C. § 7434.

104.    Under the Internal Revenue Code, "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such person may bring a civil action for damages against the person so filing such return." 26 U.S.C. § 7434(a).

## COUNT VII
## <u>VIOLATION OF AMERICAN WITH DISABILITIES ACT UNDER</u>
## <u>42 U.S.C. § 12111, et seq.</u>

105.    Plaintiff realleges and incorporates all the above allegations of this Class and Collective Action Complaint as if fully set forth herein.

106.    Defendants operate a Restaurant, a Covered Entity under ADA, in which Plaintiff is an Employee. 42 U.S.C. § 12111(2), (4) and (5).

107.    Plaintiff qualifies as a disabled person, due to her physical impairments that are a product of a health condition disrupting her psychomotor ability to move her spine, hind and upper limbs, as defined by ADA.

108.    At Plaintiff's job interview for employment with Defendants' Restaurant, Plaintiff notified Defendants that she suffered from a herniated disc, which prevents Plaintiff from standing and walking for long periods of time and lifting heavy objects.  Defendants offered Plaintiff a bartender position knowing Plaintiff's disability. Nevertheless, Defendants failed to make accommodations in the Restaurant to allow Plaintiff to have equitable access to perform her job, just as non-disabled employees. 42 U.S.C. § 12111(9)(A) and (B). At all times, Defendants failed to take any prompt and equitable steps to remedy their ADA violations and discriminatory conduct. These violations are ongoing.

109.    Defendants unlawfully discriminated against Plaintiff for her use of a cane to perform work, which led to Defendants terminating Plaintiff for her disability. ADA, 42 U.S.C. § 12112(a), provides: "No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

110.    Additionally, under Title III of ADA, 42 U.S.C. § 12182(b)(2)(A)(II), unlawful discrimination includes, among other things, "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations."

111.    In addition, under Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(III), unlawful discrimination also includes, among other things, "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden."

112.    Defendants' acts constitute violations of ADA, 42 U.S.C. § 12101 et seq., and the regulations promulgated thereunder. Employees of Defendants who suffer from partial or complete spinal and limb mobility have been denied full and equal access to the Restaurant, have not been provided with tools and accommodations to perform their job as other employees that are not disabled, and have not been provided a suitable work environment as other employees who are not disabled.

113.    As such, Defendants discriminate, and will continue to discriminate, against Plaintiff and others similarly disabled in the full and equal access to employment, services, facilities, privileges, advantages, accommodations, and/or opportunities in violation of ADA 42 U.S.C. § 12181 et seq. and/or its implementing regulations.

114.    The actions of Defendants were and are in violation of ADA, and therefore Plaintiff invokes her statutory right to injunctive relief to remedy the discrimination.

115.    Pursuant to 42 U.S.C. § 12188 and the remedies, procedures, and rights set forth and incorporated therein, Plaintiff prays for judgment as set forth below.

116.    An actual controversy has arisen and now exists between the parties in that Plaintiff contends, and is informed and believes that Defendant denies, that their work environment and policies contain barriers denying disabled employees full and equal access to employment, accessibility to perform their tasks, and an environment free of retaliatory and discriminative practices. Defendants failed to comply with applicable laws including, but not limited to, ADA 42 U.S.C. § 12112, 12182, et seq., prohibiting discrimination against the disabled.

117.    A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself, FLSA Collective Plaintiffs, and Class members, respectfully requests that this Court grant the following relief:

a.   A declaratory judgment that the practices complained of herein are unlawful under FLSA and NYLL;

b.   An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.   An award of unpaid wages for training;

d.   An award of unpaid wages due to time-shaving;

e.   An award of unpaid minimum wages due to invalid tip credit deductions under NYLL;

f.   An award of invalid retained gratuities under NYLL;

g.   An award of compensatory damages and punitive damages due under the ADA;

h.   An award of backpay, compensatory damages, and punitive damages due under NYSHRL;

i.   An award of backpay, compensatory damages, and punitive damages due under NYCHRL;

j.   An award of statutory penalties, prejudgment, and post judgment interest, costs, and expenses of this action together with reasonable attorney's fees and expert fees and statutory penalties;

k.   Designation of Plaintiff as Representative of FLSA Collective Plaintiffs;

l.   Designation of this action as a class action pursuant to F.R.C.P. 23;

m.   Designation of Plaintiff as Representative of the Class;

n.   A preliminary and permanent injunction to prohibit Defendants from violating ADA 42 U.S.C. § 12112, § 12182, *et seq.*;

o.   A preliminary and permanent injunction requiring Defendants to take all steps necessary to comply with the requirements set forth in ADA, and its implementing regulations, so that Defendants offer employment accessible to disabled employees;

p.   A declaration that Defendant own, maintain, and/or operate in a manner which discriminates against disabled employees and which fails to provide access for persons with disabilities as required by ADA, 42 U.S.C. § 12111, § 12182, *et seq.*; and

q.   Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Date: January 18, 2022  
     New York, New York

Respectfully submitted,

By:  /s/ *CK Lee*

C.K. Lee, Esq.  
**LEE LITIGATION GROUP, PLLC**  
C.K. Lee (CL 4086)  
Anne Seelig (AS 3976)  
148 W. 24th Street, 8th Floor  
New York, NY 10011  
Tel.: 212-465-1180  
Fax: 212-465-1181  
*Attorneys for Plaintiff,*  
*FLSA Collective Plaintiffs*  
*and the Class*